SO ORDERED.

SIGNED this 3rd day of September, 2021.



Mitchell L. Herren
United States Bankruptcy Judge

___

DESIGNATED FOR ONLINE PUBLICATION ONLY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| IN RE: | |
|---|---|
| BRIANNA A`ZARIAH JOHNSON | Case No. 21-10228 |
| Debtor. | Chapter 7 |

| IN RE: | |
|---|---|
| LESA NICOLE ANDREWS DEMARIUS LACHAZ ANDREWS | Case No. 21-10279 |
| Debtor. | Chapter 7 |

| IN RE: | |
|---|---|
| AARON MIKEL JENKINS | Case No. 21-10289 |
| Debtor. | Chapter 7 |

ORDER ON CHAPTER 7 TRUSTEE'S MOTION
TO RECONSIDER FILING FEE WAIVER

1

In each of these cases pro se debtors filed applications to waive the Chapter 7 filing fee under 28 U.S.C. § 1930(f)(1). The Court granted each application. The Chapter 7 trustee subsequently filed nearly identical motions to reconsider and a supporting brief in each case. The trustee contends that each debtor's income exceeded 150 percent of the official income poverty line. The issue presented is whether the calculation of debtors' income for purposes of the filing-fee waiver should be based on gross income or "net" take-home pay (*i.e.* gross income less payroll deductions). The trustee contends it must be based on debtor's gross income. None of the debtors responded or objected to the trustee's motions to reconsider. Despite this fact, in light of the nature of the question and its import on not only these three cases, but also future filings, the Court addresses the issue below.

Findings of Fact

In these cases, the debtors filed their application for waiver of the filing fee contemporaneously with their petitions and schedules. Each application was submitted using required Official Form 103B. On their applications, debtors used monthly take-home pay,[1] or "monthly income"[2] from Schedule I

---

[1] Schedule I, line 7. Monthly take-home pay is comprised of gross income and overtime, if any, less taxes and other payroll deductions.
[2] Schedule I, line 10. "Monthly income" is comprised of monthly take-home pay, plus all other income regularly received on lines 8a-8h, if any; the monthly take-home pay and monthly income will be the same figure if debtor has no income other than wages, salary, or commissions.

2

for their income figure as the official form directs. Both the income and expense figures on debtors' applications are consistent with their monthly income and expense figures on Schedules I and J. In each instance, the debtors' income figure was less than 150 percent of the official poverty line for a family of debtors' size, thereby qualifying debtors for a waiver of the filing fee under the income test of § 1930(f)(1).

As trustee points out, § 1930(f)(1) does not specify whether gross or net income should be used in the calculation, or otherwise define income for purposes of the fee waiver. The statute simply refers to "income." The trustee argues that debtors' pretax gross income from Schedule I, line 4 should be used to determine under § 1930(f)(1) if a filing fee should be waived. In these three cases, debtors' gross income exceeds the 150 percent of official poverty line threshold for a family of each debtor's size.

The calculations for each set of debtors is set forth below and includes the distinguishing facts in each case.[3]

A. *Johnson*
Family size: 2 (Debtor and one dependent)
2021 HHS Income Poverty Guideline:[4] $17,420

|  | Monthly Income | Annualized | 150% of Poverty Guideline |
|---|---|---|---|
| Net Income | $1,508 | $18,096 | $26,130 |

---

[3] For ease of reference, the reference to "net income" in the tables below refers to debtors' monthly income, after payroll deductions, as listed on Schedule I, lines 7 or 10.
[4] Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7,732, pp. 7732-34 (Feb. 1, 2021)

3

| Gross Income | $2,281 | $27,372 | $26,130 |
|---|---|---|---|
| Net Income* | $2,026 | $24,312 | $26,130 |

**\***In addition to payroll taxes, Ms. Johnson's payroll deductions include monthly garnishments of $518. Assuming those garnishments stopped upon filing of bankruptcy, her monthly net income would increase to $2,026. When annualized, that income would still fall below the 150% poverty threshold.

In response to line 5 of the application why debtor is unable to pay the filing fee in installments, Ms. Johnson said "My debts exceed my income and with the garnishment I can barley [sic] make ends meet." Ms. Johnson's *monthly net income* calculated from Schedule I and J is <$1,467>.[5] Even if her income is increased by the amount of the prepetition garnishments, her monthly net income is still <$949>.

B. *Andrews*
   Family size: 3 (Debtor, spouse, and one dependent)
   2021 HHS Income Poverty Guideline: $21,960

|  | Monthly Income | Annualized | 150% of Poverty Guideline |
|---|---|---|---|
| Net Income | $2,241.47 | $26,897.64 | $32,940 |
| Gross Income | $2,875.00 | $34,500.00 | $32,940 |
| Net Income* | $2,510.09 | $30,121.08 | $32,940 |

**\***In addition to payroll taxes, the Andrews payroll deductions include monthly garnishments of $268.62 for Mr. Andrews. Assuming the garnishments stopped upon filing of bankruptcy, the Andrews' monthly net income would increase to $2,510.09. Their annual net income would still fall below the 150% poverty threshold.

The Andrews receive non-cash governmental assistance in the form of food stamps in the amount of $539 each month. That is considered other income on Schedule I, line 8f, but is backed out of income on the fee waiver application.

---

[5] Schedule J, line 23c.

4

In response to line 5 of the application why debtor is unable to pay the filing fee in installments, they responded, "I cant [sic] afford it with the current income we have." The Andrews' *monthly net income* calculated from Schedule I and J is $586.47,[6] but includes no childcare expenses for their 3-year old child, clothing, personal care, or medical expenses on Schedule J.

C. *Jenkins*

Family size: 1 (Debtor)

2021 HHS Income Poverty Guideline: $12,880

|  | Monthly Income | Annualized | 150% of Poverty Guideline |
|---|---|---|---|
| Net Income | $1,397 | $16,764 | $19,320 |
| Gross Income | $2,720 | $32,640 | $19,320 |

In addition to payroll taxes, Jenkins' monthly payroll deductions listed on Schedule I include an $823 domestic support obligation.

In response to line 5 of the application why debtor is unable to pay the filing fee in installments, Mr. Jenkins said "After paying bills I don't have any money left over." His *monthly net income* calculated from Schedule I and J is $113,[7] but contains no budget for food, clothing or medical expenses. The monthly expenditures for food alone would certainly exceed $113.

Conclusions of Law

A. Motion to Reconsider Standards

Under D. Kan. Rule 7.3, a party may seek reconsideration of non-dispositive orders based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice—the same standards as a motion to alter or amend a

---

[6] Schedule J, line 23c.
[7] Schedule J, line 23c.

**5**

judgment under Fed. R. Civ. P. 59. Such motions must be filed within fourteen days after the order is filed unless the court extends the time.[8]

In the three cases here, none of the motions to reconsider were filed within fourteen days of the order granting the filing fee waiver, and no extension of time was sought by the trustee, meaning that relief cannot be afforded under D. Kan. Rule 7.3(b). Accordingly, the motions to reconsider will be construed as motions under Fed. R. Civ. P. 60(b), made applicable in bankruptcy by Fed. R. Bankr. P. 9024.[9] The only Rule 60(b) ground that potentially applies here is Rule 60(b)(6) – "any other reason that justifies relief." The trustee's motions assert that as a matter of law the bankruptcy court applied the wrong definition of "income" insofar as it did not use debtors' gross income when calculating the § 1930(f)(1)'s income test.

B. Filing Fee Waiver under 28 U.S.C. § 1930(f)(1)

The statute provides a two-part test under which the bankruptcy court may waive individual debtors' Chapter 7 filing fee: (1) the debtor has income less than 150 percent of the official income poverty line (as defined by the Office of Management and Budget) applicable to debtor's family size; and (2)

---

[8] D. Kan. Rule 7.3(b). *See also* Fed. R. Bankr. P. 9023.
[9] *Lopez v. Long (In re Long),* 255 B.R. 241, 244 (10th Cir. BAP 2000) (whether motion for reconsideration is viewed as a Rule 59(e) motion to alter or amend, or a Rule 60(b) motion for relief, depends on the time the motion is served).

6

debtor is unable to pay the filing fee in installments.[10] The statute further allocates to the Judicial Conference of the United States the authority to create procedures to implement the statute and guide the bankruptcy court.

Under this authority, the Judicial Conference promulgated [Bankruptcy Case Policies](#) providing guidance and procedures for implementing the Chapter 7 fee waiver statute and which more clearly defined the relevant standards for fee waivers.[11] They address several statutory ambiguities surrounding the income threshold necessary for waiver. First, the Office of Management and Budget has never issued poverty thresholds of the type referenced in the statute. Instead, the Judicial Conference opted to utilize the poverty guidelines promulgated by the Department of Health and Human Services.[12] The Judicial Conference also defined the relevant income to be considered as part of the fee waiver application as "Total Combined Monthly Income," excluding any non-cash governmental assistance from the calculation of income such as food stamps.[13] With reference to Schedule I, this would properly be monthly income after payroll deductions but before any consideration of monthly expenses.

---

[10] 28 U.S.C. § 1930(f)(1). The provision was enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA).
[11] https://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies, Guide to Judiciary Policy, Vol. 4, Ch. 8 Bankruptcy Case Policies, § 820.
[12] poverty-guidelines-2.pdf.
[13] *See* note 11, *supra* at § 820.20(a)(2).

**7**

C.  Official Form 103B

Rule 1006(c) requires that the application for waiver of the Chapter 7 filing fee be "prepared as prescribed by the appropriate Official Form."[14] That is Official Form 103B, effective December 1, 2015. Official Forms are prescribed by the Judicial Conference. The forms "shall be construed to be consistent with these [bankruptcy] rules and the Code."[15] Rule 9009(a) provides that Official Forms "shall be used without alteration, except as otherwise provided in these rules, in a particular Official Form, or in the national instructions for a particular Official Form." The form instructions for Official Form 103B provide that for the filing fee to be waived, the "total combined monthly income for your family [must be] less than 150% of the official poverty guideline last published by the U.S. Department of Health and Human Services (DHHS)."[16]

Official Form 103B directs the debtor to "fill in your family's average monthly income" and for each debtor and spouse, the far-right column is described as each "person's average monthly net income (take-home pay)."[17] The total of the far-right column on the application is described as "your family's average monthly *net* income."

---

[14] Fed. R. Bankr. P. 1006(c).
[15] Fed. R. Bankr. P. 9009(c).
[16] *See* https://www.uscourts.gov/forms/individual-debtors/application-have-chapter-7-filing-fee-waived.
[17] Total monthly take-home pay is reflected on Schedule I, line 7.

8

Official Form 103B cross-references to monthly income as reported on Schedule I, line 10 (Official Form 106I), which is the line showing "monthly income." That figure is not a gross income figure.[18] It is net of payroll deductions.[19] If the Judicial Conference had intended the fee waiver to be based on gross income, rather than income net of payroll deductions, Official Form 103B would have cross-referenced Schedule I, line 4. There would have been no reference to monthly net income or take-home pay. From monthly income, Official Form 103B provides for subtraction of "any non-cash governmental assistance" included in monthly income. The resulting number on Form 103B is described as "your family's average monthly *net* income." That figure is after payroll deductions and before monthly expenses.

In short, by referring to take-home pay and by linking the fee waiver application (Official Form 103B) to debtor's Schedule I, line 10 (Official Form 106I), it is clear that § 1930(f)(1)'s income test is not based on gross income as the trustee contends.

Applying debtors' monthly income (after payroll deductions) from line 7 or line 10 of Schedule I, each of the debtor-families' total combined monthly income in these three cases falls below the 150% poverty guideline and satisfies the income test of § 1930(f)(1). The Court applied the proper income

---

[18] Gross income is reported on line 4 of Schedule I.
[19] Lines 5a-5h are the "payroll deductions."

9

figure and the trustee's motion for reconsideration is denied on this basis. Even if the Court analyzed the trustee's untimely motions to reconsider under D. Kan. Rule 7.3, no clear error has been shown.

The Court next considers the "installments" test of § 1930(f)(1). Many courts use a totality-of-the-circumstances analysis in reviewing this aspect of a fee-waiver request. Factors that may be considered are whether there are discrepancies between the application and schedules, whether debtor has any property from which the filing fee could be paid, collateral sources of income from family or friends from which filing fee might be paid, excessive or unreasonable expenses that could be used to pay the filing fee, whether debtor's current or anticipated budget is the result of temporary or extraordinary circumstances, debtor's historical spending of disposable income, and whether debtor agreed to pay a portion of attorney's fee after filing of case.[20] Having reviewed the debtors' applications, their budgets and their monthly net income as determined from Schedule I and J, the Court concludes that debtors *Johnson* and *Jenkins* are unable to pay the Chapter 7 filing fee in installments. Accordingly, they satisfy both prongs of § 1930(f)(1) and are granted a waiver of the filing fee. The trustee's motion to reconsider in *Johnson* and *Jenkins,* is denied.

---

[20] *In re Hayes,* 581 B.R. 509, 514-15 (Bankr. W.D. Mich. 2018).

**10**

The Andrews' Schedules I and J show that they have monthly net income of $586. That's before the income lost to $268 monthly prepetition garnishments is added back to income. Thus, the Andrews appear to have monthly net income in excess of $800. They have failed to sustain their burden that they are unable to pay the Chapter 7 filing fee in installments. Accordingly, the trustee's motion to reconsider is granted to this extent and the Order granting a waiver of the filing fee is set aside. The Court will enter an Order to pay the filing fee in installments in the *Andrews* case.

Conclusion

The appropriate income figure to use for purposes of an application to waive the Chapter 7 filing fee is take-home pay, or monthly income net of payroll deductions. The debtors in *Johnson* and *Jenkins* satisfy both requirements of 28 U.S.C. § 1930(f)(1) for obtaining a waiver of the Chapter 7 filing fee. The trustee's motion to reconsider in *Johnson* and *Jenkins* is denied.

In *Andrews,* debtors satisfy the income test of 28 U.S.C. § 1930(f)(1), but are able to pay the filing fee in installments. The trustee's motion to reconsider is granted in *Andrews;* the order granting a waiver of the Chapter 7 filing fee is set aside. The Court will issue an Order to pay the case filing fee in installments, providing a payment schedule.

###

11